UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION at LAFAYETTE

| | |
|---|---|
| ROOR INTERNATIONAL BV and SREAM, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) NO. 4:19CV11-PPS/JPK ) |
| AMUSED CLOTHING, LLC and ROBERT KRUSINSKI, | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

RooR International and Sream, Inc. have brought this suit against Amused Clothing, LLC and Robert Krusinski, alleging that in their West Lafayette shop the defendants are selling counterfeit glass water pipes bearing "RooR" trademarks. The complaint alleges that RooR is a Dutch corporation and the registered owner of the "RooR" trademark. [DE 1 at ¶5.] Sream, a California corporation, is alleged to be the "exclusive U.S. licensee authorized to use the trademark 'RooR'." [*Id*. at ¶6.] Based on claims of trademark counterfeiting and infringement, false designation of origin and unfair competition, RooR and Sream seek injunctive relief and statutory damages. [DE 1 at 18-19.] Now before me is a motion under Fed.R.Civ.P. 12(b)(1) in which Amused Clothing and Krusinski argue that the complaint should be dismissed because RooR and Sream "do not own the trademarks they are attempting to enforce." [DE 27 at 4.]

"A claimant has 'statutory standing' if its claim 'fall[s] within the zone of interests protected by' the statute." *Neutron Depot, L.L.C. v. Bankrate, Incorporated*, 798 Fed.Appx. 803, 806 (5th Cir. 2020), quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984). But statutory standing, in contrast to Article III standing, does not "implicate subject-matter jurisdiction." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 n.4 (2014). The constitutional limit on the judicial power to adjudicate cases and controversies is distinct from the statutory standing requirement that a plaintiff be "within the class of plaintiffs whom Congress has authorized to sue" under a particular statute. *Id*. at 126, 128. Although the motion to dismiss makes reference to constitutional Article II standing principles, its ultimate argument is of the statutory standing variety. [DE 27 at 1, 5-9.]

Furthermore, standing, which is "evaluated at the time suit is filed," must be distinguished from mootness, which occurs when "'a party with standing at the inception of the litigation loses it due to intervening events.'" *Milwaukee Police Ass'n v. Board of Fire & Police Comm'rs of City of Milwaukee*, 708 F.3d 921, 928 (7th Cir. 2013), quoting *Parvati Corp. v. City of Oak Forest*, 630 F.3d 512, 516 (7th Cir. 2010). The doctrine of mootness "requires re-evaluating the standing requirements throughout litigation," and "[i]f at any point the plaintiff would not have standing to bring suit at that time, the case has become moot." *Milwaukee Police Ass'n*, 708 F.3d at 929.

The factual basis for the motion to dismiss is not disputed. As of August 20, 2019, RooR assigned to Republic Technologies (NA), LLC all three registered

2

trademarks identified in the complaint.  [DE 27-1 at 1, 6; DE 1 at ¶12.]  The Trademark Assignment Agreement provides that RooR:

> irrevocably sells, assigns, transfers and conveys to [Republic] all of [RooR's] right, title, and interest in and to the trademarks...specifically including...any and all claims and causes of action with respect to any of the foregoing, whether accruing before, on, or after the date hereof, including all rights to and claims for damages, restitution, and injunctive and other legal and equitable relief for past, present, and future infringement....

[DE 27-1 at §1.]  Plaintiffs acknowledge that the assignment occurred, and add that Republic then re-licensed the RooR trademarks to Sream as exclusive licensee in the United States.  [DE 28 at 2.]  Defendants reply that Sream has offered no evidence of Republic's license to Sream, which, in any event, is a different license than the one alleged in the complaint.  [DE 30 at 4.]

I could next consider whether RooR's claims fall in the "zone of interests" protected by each statutory provision invoked in the complaint.  But whether or not I determine that RooR once had statutory standing to assert the types of claims asserted in the complaint, the language of the assignment appears to have given all trademark-based claims over to Republic, even as to any claims for damages suffered by RooR *prior to* the assignment based on past infringement of its rights in the trademarks.  RooR's claims are subject to dismissal because its interest in the trademarks and in this litigation has been assigned to Republic and RooR no longer appears to be the real-party-in-interest.  If Republic wishes to assert the claims previously made by RooR in

3

this action, Republic may either file a motion pursuant to Fed.R.Civ.P. 25(c) to be substituted for RooR or seek leave to file an amended complaint.

The situation of Sream is different. Sream's claims are predicated on its allegation that it was exclusive U.S. licensee of the trademarks pursuant to a license from RooR. Defendants argue that plaintiffs "have not alleged any association with Republic, or any subsequent agreement demonstrating that Republic has granted any of its rights" to RooR or Sream. [DE 27 at 5.] But in response to the motion, Sream does allege that "Republic re-licensed the RooR Trademarks to Sream, Inc." as exclusive licensee in the United States. [DE 28 at 2.] It is also true that, as the movants, Amused Clothing and Krusinski have not alleged that Sream's license agreement did not survive the assignment of the trademarks to Republic. Aside from Sream's claim that it has a new license from Republic, there is at least one indication that the earlier license survived the assignment. The Trademark License Agreement attached to the complaint contains a provision that "this Agreement will be binding upon and inure to the benefit of the successors and permitted assigns of the parties hereto." [DE 1-3 at §12.10.]

How does all this impact Sream's statutory standing? Count One of the complaint alleges trademark counterfeiting and infringement in violation of 15 U.S.C. §1114, which is §32 of the Lanham Act. The language of §1114(1) repeatedly refers to "the registrant" as the party whose rights are protected, and as the party to bring an action for the remedies provided. To bring an infringement claim under §32(1) of the Lanham Act, such as Count One here, the plaintiff "must own the mark outright to have

4

statutory standing." *Neutron Depot*, 2020 WL 476399, at *2. "Mere exclusive licensees lack standing to bring these claims." *Id.* "[O]nly the current owner of the mark can claim infringement." *Specht v. Google Inc.*, 747 F.3d 929, 933 (7th Cir. 2014). These authorities indicate that Sream has never had statutory standing to pursue a claim of infringement under Count One. And Sream has not resisted their impact by contending that it is the sort of truly exclusive licensee, "one who has the right even to exclude his licensor from using the mark," that might be entitled to bring a claim under §1114(a). *Finance Inv. Co. (Bermuda) Ltd. v. Geberit AG*, 165 F.3d 526, 531-32 (7th Cir. 1998) (internal citation omitted) (finding license agreement was not tantamount to assignment in light of geographic limitation on licensee's territory, *inter alia*).

The statutory basis for Count Two is §1116(d), which authorizes an injunction for the seizure of counterfeit goods and related items in a successful action under §1114(a) involving counterfeit trademarks. If Sream lacks standing to pursue a claim under §1114(a), then it lacks standing to pursue the related claim under §1116(d). *RooR International BV v. Good Timez III, LLC*, No. 8:19-cv-439-T-24 AAS, 2019 WL 4933657, at *3 (M.D.Fla. Oct. 7, 2019); *RooR International BV v. Saleem*, No. 4:18-cv-715-ALM-KPJ, 2019 WL 4127282, at *3 (E.D.Tex. Aug. 12, 2019), adopted by 2019 WL 4081008 (E.D.Tex. Aug. 29, 2019). Having had its claims under §1114(a) and §1116(d) dismissed on this basis in past cases such as *Good Timez III* and *Saleem*, Sream doesn't fight that result hard here, but responds that "even if the Plaintiffs lack standing for Counts I and II,

5

Sream, Inc. still has standing to bring Count III, false designation of origin under 15 U.S.C. §1125(a)." [DE 28 at 3.]

Count Three of the complaint is a claim under §1125(a) (or §43(a) of the Lanham Act). Section 1125(a) authorizes an action "by any person who believes that he or she is or is likely to be damaged" by an act prohibited by the statute. Amused Clothing and Krusinski acknowledge that "standing for a section 1125(a) claim is broader than for section 1114." [DE 27 at 8.] For claims of false advertising under §1125(a), the Supreme Court has held that "a plaintiff must allege an injury to a commercial interest in reputation or sales." *Lexmark*, 572 U.S. at 131-32. The complaint alleges that defendants' conduct in offering counterfeit RooR goods for sale causes damage to the reputation and goodwill of the RooR marks, and "has resulted in lost business opportunities, customers, contracts, and sales to the Plaintiffs." [DE 1 at ¶¶38, 41.] In light of these allegations and Sream's past and continuing claim to be the exclusive licensee of the RooR marks in the United States, I am not persuaded that defendants have demonstrated that Sream lacks statutory standing to pursue Count Three.

ACCORDINGLY:

The motion to dismiss of defendants Amused Clothing, LLC and Robert Krusinski [DE 26] is GRANTED IN PART and DENIED IN PART. The claims of plaintiff RooR International BV are dismissed for lack of statutory standing to bring the claims asserted in the complaint. The claims of plaintiff Sream, Inc. in Counts One and

Two of the complaint are dismissed for lack of statutory standing.  Sream, Inc.'s claim in Count Three of the complaint remains pending.

    SO ORDERED.

    ENTERED:  April 21, 2020.

                                      /s/ Philip P. Simon
                              UNITED STATES DISTRICT JUDGE

USDC IN/ND case 4:19-cv-00011-PPS-JPK   document 31   filed 04/21/20   page 8 of 8