UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION at LAFAYETTE

| | |
|---|---|
| ROOR INTERNATIONAL BV and SREAM, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | NO. 4:19CV11-PPS/JPK |
| ) | |
| AMUSED CLOTHING, LLC and ROBERT KRUSINSKI, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This case is about the retail sale of glass water pipes allegedly bearing counterfeit "RooR" trademarks. The complaint was filed by plaintiffs RooR International BV and Sream, Inc. [DE 1.]  On April 21, 2020, I issued an Opinion and Order that granted in part and denied in part the motion to dismiss filed by defendant retailers, Amused Clothing, LLC and Robert Krusinski. [DE 31.] The claims of plaintiff RooR were dismissed for lack of statutory standing to bring the three claims asserted in the complaint. [*Id*. at 6.]  Two of the three claims brought by Sream were also dismissed for lack of statutory standing. [*Id*.]

Almost six months later, after several settlement conferences with Judge Kolar, the defendants have filed a Motion for Attorney Fees, meeting the deadline Judge Kolar set for such a motion.  The motion invokes Section 35 of the Lanham Act, 15 U.S.C. §1117(a), which governs the relief available in actions for trademark violations, and

provides that: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." Defendants argue that the dismissal of five of the six claims makes them prevailing parties entitled to an award of attorney's fees under §1117(a). [DE 43 at ¶7.]

First, a further review of the procedural history is helpful. RooR brought suit on February 6, 2019, alleging that it was the registered owner of three "RooR" trademarks. [DE 1 at ¶5, ¶12.] Sream's claims for relief are premised on its role as the "exclusive U.S. licensee authorized to use the trademark 'Roor'." [*Id.* at ¶6.] As of August 20, 2019, RooR assigned to Republic Technologies all three trademarks identified in the complaint, along with all claims relating to them. [DE 27-1 at 1.] I concluded that "RooR's claims are subject to dismissal because its interest in the trademarks and in this litigation has been assigned to Republic and RooR no longer appears to be the real-party-in-interest." [DE 31 at 3.] As to plaintiff Sream, I decided that as licensee rather than the owner of the marks, it lacked statutory standing to pursue the trademark counterfeiting and infringement claims under §1114 in Count One and the claim for seizure of counterfeit goods under §1116(d) in Count Two. [DE 31 at 4-5.] But the motion to dismiss was denied with respect to Count Three, Sream's claim of false designation of origin and unfair competition under §1125(a). [*Id.* at 6.]

The prevailing party concept is generally interpreted to require a final judgment or its equivalent. Procedural rules, caselaw and the context of §1117(a) all support this notion. Motions for an award of attorney's fees are governed by Federal Rule of Civil

2

Procedure 54(d)(2), which requires that a claim for attorney's fees "must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed.R.Civ.P. 54(d)(2)(A). The rule also requires that "[u]nless a statute or a court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment; [and] (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award...." Rule 54(d)(2)(B)(i) and (ii). Inherent in these provisions is the idea that a judgment precedes a motion for attorney's fees.

The Order and Opinion ruling on the motion to dismiss was not a judgment, and no judgment has since been entered in this case. Rule 54(b) authorizes the court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." No such determination has been made (or requested) following the ruling on the motion to dismiss. In the absence of such a determination and the direction that a final partial judgment be entered, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id*. Application of Rule 54(b) makes clear that in this case there has been no judgment that would trigger the time for filing a motion for attorney's fees.

The statutory source for defendants' motion is §1117(a), which prescribes the available remedies in trademark cases, including defendant's profits, any damages

3

sustained by the plaintiff, and the costs of the action, for which "the court may enter judgment." The last sentence of the section is the provision for an award of attorney's fees to the prevailing party. The context of the fee award language within §1117(a)'s provisions for ultimate remedies provides no support for any suggestion that an award of "reasonable attorney fees to the prevailing party" can be determined or made prior to the entry of judgment.

Caselaw further bolsters the conclusion that the motion in this case is premature because attorney's fee awards are determined at or after the entry of final judgment. The Supreme Court has concluded that "a 'prevailing party' under federal fee-shifting statutes must attain a judgment in his favor, a court-approved settlement or some other favorable resolution with a 'judicial imprimatur.'" *Fast v. Cash Depot, Ltd.*, 931 F.3d 636, 639 (7th Cir. 2019), citing *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603-05 (2001). In *Fast*, the Seventh Circuit rejected a claim for attorney's fees based on a summary judgment ruling, where "the district court never entered a judgment in Fast's favor," finding that the district court "correctly declined to award him attorney fees." 931 F.3d at 641. Applying the attorney's fee provision of the Copyright Act, 17 U.S.C. §505, the Seventh Circuit has held that "a court must enter judgment on the copyright claim" to support a determination of the prevailing party. *Alliance for Water Efficiency v. Fryer*, 892 F.3d 280, 287 (7th Cir. 2018).

The fee award provision for trademark cases in §1117(a) is identical to the Patent Act's fee-shifting provision at 35 U.S.C. §285. In *Octane Fitness, LLC v. ICON Health &*

4

*Fitness, Inc.*, 572 U.S. 545, 554 (2014), the Supreme Court noted that §285 had not substantively altered the meaning of the Patent Act's prior provision, earlier codified at §70, which provided that a court "may in its discretion award reasonable attorney's fees to the prevailing party *upon the entry of judgment* in any patent case." *Octane*, 572 U.S. at 548, quoting 35 U.S.C. §70 (1946 ed.) (emphasis added). The Seventh Circuit has adopted the *Octane* interpretation "as the governing framework for attorney fees requests under §1117(a) of the Lanham Act." *LHO Chicago River, L.L.C. v. Perillo*, 942 F.3d 384, 388-89 (7th Cir. 2019). The Federal Circuit recently considered whether a voluntary dismissal without prejudice under Rule 41(a)(1)(A)(i) could support a defendant's claim for attorney's fees in a patent case under §285. The court agreed with the district court that such a disposition was not a "final court decision" and did not "establish[] the judicial *imprimatur* required for a litigant to emerge as the prevailing party under §285." *O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, 955 F.3d 990, 993 (Fed. Cir. 2020). These cases bolster the conclusion that the proceedings in this case, absent a final judgment, have not yet reached a point at which an attorney fees request is properly made.

  Furthermore, as a practical matter, the defendants' claim to be the prevailing parties is premature in another respect. Although the defendants observe no distinction between the two plaintiffs, Sream still has a claim pending. If Sream recovers on its claim for false designation and unfair competition in Count Three (which is based on the same facts as Counts One and Two), how could the defendants then be considered

5

prevailing parties just because they got other claims dismissed?  If all 6 claims (three claims by each of two plaintiffs) were disposed of together at final judgment, the recovery on one would likely classify the successful plaintiff as the prevailing party, not the defendants.  For all these reasons, I conclude that the motion for attorney's fees is filed too early in the case to support a determination that the defendants are prevailing parties.

Even so, I would also deny defendants an award of attorney fees based on the record of the case to this point, finding nothing extraordinary about the dispute. Helpfully, I have the Supreme Court's interpretation to guide me in applying the statutory standard for awarding attorney fees.  In *Octane Fitness*, the Supreme Court considered the identical provision in the Patent Act and held that "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."  *Octane*, 572 U.S. at 554.

Rather than on a claim-by-claim analysis, in order to award fees I must find that "the case was overall exceptional."  *Intellectual Ventures I LLC v. Trend Micro Inc.*, 944 F.3d 1380, 1384 (Fed.Cir. 2019).  Factors to be considered include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Octane*, 572 U.S. at 554 (internal quotations omitted),

6

quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, n.19 (1994). Defendants base their motion on the fact that, after the filing of the complaint (in February 2019) but before it was served (in January 2020), RooR had transferred its ownership of the trademarks at issue to a non-party (in August 2019). [DE 43 at ¶¶8, 10.] The defendants characterize this as proceeding on a "knowingly false allegation that Plaintiff RooR owned the trademarks-in-suit." [*Id*. at ¶8.] First, I note that this argument (as well as the dismissal of all RooR's claims but not all of Sream's) suggests that the motion should seek an award of attorney's fees from RooR, but not from Sream. But as I pointed out earlier, the defendants fail to make this distinction.

Of course, the challenged allegation of trademark ownership was not false at the time it was made and the complaint was filed. As plaintiffs explain in opposition to the current motion, and explained earlier in their opposition to the motion to dismiss, their intention was to proceed in RooR's name, despite the transfer of the marks, under the authority of Fed.R.Civ.P. 25(c). [DE 45 at 4; DE 28 at 2.][1] Under that provision, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." In this case, I found that the transfer of interest impacted RooR's statutory standing such that its continued prosecution of the trademark claims, although otherwise permissible under Rule 25(c), was unauthorized.

---

[1] Defendants now mischaracterize RooR's stated intention as being "to substitute the non-party owner into the suit," and criticize plaintiffs for failing to seek the substitution they did not intend. [DE 46 at 4, citing DE 45 at 4.]

7

My opinion on the motion to dismiss expressly recognized the rule and invited Republic to file a motion under Rule 25(c) to be substituted for RooR or for leave to file an amended complaint. [DE 31 at 3-4.]

RooR's litigation position is not shown to be "objectively unreasonable" or a "dereliction of their duty of candor to the Court" as defendants contend. [DE 46 at 2.] I am not at all persuaded that the post-complaint change in ownership of the marks or the manner in which the case was litigated renders this an exceptional case by any stretch of the imagination. Whether because the motion is premature, or on the merits applying the *Octane* "exceptional cases" standard, I will deny the motion for an award of fees.

ACCORDINGLY:

Defendants' Motion for Attorney Fees [DE 43] is DENIED.

SO ORDERED.

ENTERED:  November 23, 2020.

                                                  /s/ Philip P. Simon
                                           UNITED STATES DISTRICT JUDGE